UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS FALCONE, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHECKR, INC. and | ) |
| DOORDASH, INC. | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT
## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Nicholas Falcone, against Defendants Checkr, Inc. ("Checkr") and DoorDash, Inc. ("DoorDash") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.* and Pennsylvania Criminal Records Information Act (hereafter "CHRIA"), 18 Pa.C.S. § 9101, *et seq.*

## THE PARTIES

1. Plaintiff Nicholas Falcone is an adult individual residing in Stowe, Pennsylvania.

2. Checkr is a Delaware corporation that regularly conducts business in the Commonwealth of Pennsylvania and has a principal place of business located at 1 Montgomery Street, Suite 2400, San Francisco, CA 94104.

3. DoorDash is a Delaware corporation that is registered to conduct business in the Commonwealth of Pennsylvania and has a principal place of business located at 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107.

## JURISDICTION & VENUE

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5. This Court further possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the state law claims alleged here are related to the claims in this matter within original jurisdiction so as to be considered part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Commonwealth of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

8. Checkr is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

9. Checkr has been and continues to sell consumer reports about Plaintiff.

10. The reports sold by Checkr are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

11. Defendant Checkr has been reporting derogatory and materially misleading information relating to Plaintiff and Plaintiff's criminal history to third parties which is otherwise illegal to be used for employment purposes under Pennsylvania law (hereafter the "illegal information").

12. The illegal information includes a 2019 summary offense for defiant trespasser, disorderly conduct, harassment, and 2022 summary offense for driving at safe speed.

13. This illegal information negatively reflects upon Plaintiff's character and is illegal to be considered for employment purposes under Pennsylvania law.

14. Checkr has been reporting the illegal information through the issuance of consumer reports that it has disseminated and resold to various persons, both known and unknown which it should have known contains information that is illegal to report about Pennsylvania employment applicants.

15. Specifically, on or about May 17, 2023, Checkr provided Plaintiff's consumer report containing the illegal information to DoorDash, where Plaintiff was working as an independent contractor.

16. DoorDash relying on said illegal information terminated Plaintiff's contract based in whole or in part on the 2019 summary offenses.

17. The basis for the termination was the illegal information that appears on Plaintiff's consumer reports, which was a substantial factor for the termination.

18. DoorDash further knew or should have known that its decision was in violation of Pennsylvania law prohibiting employment decisions based on summary offenses yet refused to reconsider its decision when Plaintiff disputed the adverse action with DoorDash.

19. Plaintiff has disputed the illegal information with Checkr by following Checkr's established procedures for disputing consumer information.

20. Plaintiff has disputed the illegal information with Checkr from May 2023 through the present.

21. Notwithstanding Plaintiff's efforts, Checkr continues to publish and disseminate such illegal information to other third parties. Checkr has repeatedly published and disseminated consumer reports to such third parties from at least May 2023 through the present.

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment, harm to reputation, emotional distress, humiliation and embarrassment.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT I – CHECKR
## VIOLATIONS OF THE FCRA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Checkr violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Plaintiff as described above. 15 U.S.C. § 1681e(b).

27. Checkr also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681i(a).

28. The conduct of Checkr was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

29. As a result of the violations of the FCRA by Checkr identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## COUNT II – DOORDASH
## VIOLATIONS OF THE FCRA

30.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.     DoorDash violated the FCRA by negligently and willfully failing comply with the requirements imposed on a user of consumer reports for employment purposes pursuant to 15 U.S.C. § 1681b(b)(3).

32.     The conduct of DoorDash was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

33.     As a result of the violations of the FCRA by DoorDash identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees.  15 U.S.C. §§ 1681n & 1681o.

## COUNT III – DOORDASH
## VIOLATIONS OF THE CHRIA

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     DoorDash violated the CHRIA by negligently and willfully failing to comply with the requirements imposed on employers 18 Pa.C.S. § 9125(b) which prohibits employers from denying employment on the basis of criminal record other than for felony or misdemeanor convictions.

36.     The conduct of DoorDash was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

37. As a result of the violations of the CHRIA by DoorDash identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, and costs of this action and attorney's fees.  18 Pa.C.S. § 9183.

## JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; 18 Pa.C.S. § 9183; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: August 9, 2024                                          Respectfully Submitted,

By: _____
Gregory Gorski, Esquire
Bar Number: 91365PA
**GORSKI LAW, PLLC**
One Penn Center
1617 JFK Boulevard, Suite 1888
Philadelphia, PA 19103
Tel: 215-330-2100
Fax: 215-893-8904
Email: greg@greggorskilaw.com
*Attorneys for Plaintiff*